## JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3604
jtambe@JonesDay.com

November 7, 2017

**VIA ECF**
Hon. Katherine Polk Failla
United States District Court
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 17-cv-06687

Dear Judge Failla:

    We write on behalf of Defendant Wells Fargo Bank, N.A. ("Wells Fargo") to request a pre-motion conference pursuant to the Court's Individual Practice Rule 4.A to move under Rule 12(b)(6) to dismiss Royal Park Investments SA/NV's ("Royal Park's") Complaint [Dkt. No. 1 ("Compl.")] or, in the alternative, to stay the case.

**Background:** On December 11, 2014, Royal Park sued Wells Fargo in connection with Wells Fargo's performance as RMBS trustee (the "RMBS Litigation"). *See Royal Park Investments SA/NV v. Wells Fargo Bank, N.A.*, No. 14-cv-9764-KPF-SN. The RMBS Litigation encompasses the two trusts at issue here (the "Covered Trusts"). Compl. ¶ 1. On September 1, 2017, Royal Park commenced this second action, premised on the flawed contention that Wells Fargo has no right to indemnity from the Covered Trusts for its RMBS Litigation-related fees and expenses. Royal Park asserts claims for breach of contract (Count 1), unjust enrichment (Count 2), conversion (Count 3), breach of trust (Count 4), equitable accounting (Count 5), and declaratory judgment (Count 6). The Complaint should be dismissed for the following reasons.

**Royal Park Lacks Standing:** Royal Park lacks Article III standing to bring the claims because it has suffered no injury in fact. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The very junior certificates Royal Park holds were written down to *zero* in 2010 and 2011, and were thus "wiped out" before Royal Park commenced the RMBS Litigation—well before Wells Fargo sought indemnity for its RMBS Litigation-related fees and expenses. Accordingly, none of the proceeds used to indemnify Wells Fargo would have flowed to Royal Park and Royal Park has not been damaged by any indemnification payment. Further, Royal Park's failure to satisfy the notice and certificateholder-support requirements of the "no-action clauses" contained in the Covered Trusts' governing agreements ("GAs") prohibits Royal Park from bringing suit. *See* Compl. Ex. A § 11.03; Compl. Ex. B § 8.01.

**There Is No Ripe Or Justiciable Controversy:** Royal Park has failed to establish the existence of a ripe, justiciable controversy. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000). Royal Park seeks a determination of what its rights would be if:

JONES DAY

Hon. Katherine Polk Failla
November 7, 2017
Page 2

(i) Wells Fargo were found in the RMBS Litigation to have acted negligently or engaged in willful misconduct; (ii) Royal Park prevails in the RMBS Litigation, such that there is a recovery; (iii) the recovery flows through the waterfalls of the Covered Trusts and reaches the (lower) tranches of certificates that Royal Park allegedly holds; and, (iv) Wells Fargo's indemnification affects the amount of any recovery that flows to Royal Park.  This speculative, contingent conjecture does not present a ripe controversy and cannot support declaratory relief.

**Wells Fargo Is Entitled To Indemnity For Its RMBS Litigation-Related Fees and Expenses:**
Because a RMBS trustee receives only meager compensation in comparison to the massive size of the RMBS deals, the GAs disclaim any obligation that Wells Fargo expend its own funds in connection with its performance as trustee.  *See* Compl. Ex. A §§ 8.01, 8.02; Compl. Ex. B §§ 6.01, 6.18.  To further protect the trustee, the GAs contain broadly-worded indemnity and reimbursement provisions that require the Trusts to indemnify Wells Fargo for "any" expenses, including attorney's fees, incurred in connection with "any legal action" relating to the GAs or to Wells Fargo's performance of the trustee duties.  *See, e.g.*, Compl. Ex. A § 8.05; Compl. Ex. B §§ 6.11, 6.12.  Accordingly, Wells Fargo is contractually entitled to reimbursement of its RMBS Litigation-related fees and expenses.

Contrary to Royal Park's claim (Compl. ¶¶ 24-27, 29), the indemnity provisions' narrow carve out does not apply here.  The indemnity covers Wells Fargo against out-of-pocket liability, even if it might have breached the GAs, except if its conduct was willful, negligent or in bad faith.  Here, there has been no such finding or determination, and Royal Park's self-serving allegation cannot be a basis upon which to trigger the carve out.

Royal Park also wrongly claims that Wells Fargo's indemnity right does not extend to litigation between parties to the GAs or litigation between the indemnitor and the indemnitee.  Compl. ¶ 24, 28.  Royal Park is not a party to the GA, nor is it the indemnitor, rendering this argument irrelevant.  *See Homeward Residential, Inc. v. Sand Canyon Corp.,* 298 F.R.D. 116, 133 (S.D.N.Y. 2014).  Also, by its terms, the indemnity applies to claims addressed to Wells Fargo's performance as Trustee, which claims necessarily include disputes between the contracting parties.  Royal Park's argument thus flies in the face of the terms of the GAs.

Finally, Royal Park wrongly asserts that Wells Fargo is improperly "advancing" its legal fees and expenses.  See Compl. ¶ 30.  Under the GAs' waterfall provisions, Wells Fargo is entitled to distribute Trust funds to itself on an ongoing basis for those recoverable expenses, prior to distribution of other funds to investors.  See Compl. ¶ 18.  Royal Park's assertion that Wells Fargo is spending "the investors' money" (Compl. ¶ 15) is thus wrong.

Because Wells Fargo has a contractual *right* to reimbursement of its RMBS-Litigation related expenses from the Covered Trusts, Plaintiffs' Complaint should be dismissed in its entirety.  No funds have been improperly paid to Wells Fargo.

JONES DAY

Hon. Katherine Polk Failla
November 7, 2017
Page 3

**Royal Park's Non-Contract Based Arguments Are Flawed For Numerous Other Reasons:**
Royal Park's non-contract claims must all be dismissed because they are premised on the untenable theory that Wells Fargo has no contractual right to indemnity.  The claims should also be dismissed as duplicative of Royal Park's contract claim, barred by the economic loss doctrine, and failing to satisfy the elements of each individual cause of action.

**Wells Fargo's Expenses Are Reasonable:**  Royal Park's claim that Wells Fargo's fees are unreasonable is premature.  Even if Royal Park had standing to challenge those fees and expenses, like all challenges to awards of fees and expenses, the time for any such review would be at the conclusion of the RMBS Litigation—after the merits of all claims have been determined.  In any event, Royal Park has only itself to blame for the level of litigation expenses to date, having demonstrated highly questionable judgment in deciding what claims to pursue in the underlying litigation.  For example, Royal Park faults Wells Fargo for supposedly failing to pursue appropriate remedies for R&W breaches for SASC 2007-BC1.  In doing so, it simply ignores that Wells Fargo, in fact, pursued such remedies by timely filing proofs of claim in the bankruptcy case of Lehman Brothers.  Given Lehman's role as the primary warrantor for the trust loans, the recoveries that will flow from Wells Fargo's actions, and the fact that a Lehman bankruptcy settlement will resolve the identical R&W claims that Royal Park continues to assert against Wells Fargo, Royal Park's insistence on continuing to pursue litigation in this Court is inexplicable.

**Alternatively, The Court Should Stay The Case Pending The Resolution of the RMBS Litigation:**  In the alternative, to avoid burdening the Covered Trusts and the Court with more unnecessary litigation, the Court should stay this case pending resolution of the RMBS Litigation.  There is nothing exigent about Royal Park's claims—it has admittedly known about this issue since "early 2017." Compl. ¶ 17. And there would be no prejudice to Royal Park from a stay, since Wells Fargo could, if required to do so, simply repay the indemnified amounts to the Covered Trusts.  *See Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

Respectfully submitted,

*/s/ Jayant Tambe*

cc:  All Counsel of Record (via ECF)